# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Jaynes Corporation ) ASBCA No. 59234
)
Under Contract No. W912PL-09-C-0010 )

APPEARANCE FOR THE APPELLANT: Judith Ward Mattox, Esq.
Colorado Springs, CO

APPEARANCES FOR THE GOVERNMENT: Thomas H. Gourlay, Jr., Esq.
Engineer Chief Trial Attorney
John F. Bazan, Esq.
Engineer Trial Attorney
U.S. Army Engineer District, Los Angeles

## OPINION BY ADMINISTRATIVE JUDGE CLARKE

This is a quantum case relating to our 7 May 2013 Rule 12.3 and Rule 11 decision in Jaynes Corporation, ASBCA No. 58385. The Board has jurisdiction pursuant to the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109.

## DISCUSSION

The Army Corps of Engineers awarded Contract No. W912PL-09-C-0010 to Jaynes Corporation (Jaynes) on 26 May 2009 to design and build an unmanned aircraft systems operations facility at Creech Air Force Base, Indian Springs, Nevada. *Jaynes Corporation*, ASBCA No. 58385, 13 BCA ¶ 35,311 at 173,348. Jaynes claimed that the government improperly rejected certain pipe to be used in a fire sprinkler system. In our 7 May 2013 decision the Board found "[t]he government changed the contract when it rejected appellant's initial pipe submittal. Appellant is entitled to recover its costs associated with the change, plus CDA interest on that amount from the date of receipt of the claim by the contracting officer." *Jaynes*, 13 BCA ¶ 35,311 at 173,353. We sustained the appeal on entitlement and remanded the matter to the parties to determine quantum. *Id.* The parties were unable to agree on quantum and on 1 April 2014 we docketed appellant's request that the Board determine quantum as ASBCA No. 59234.

Jaynes claims increased costs of $56,305 plus CDA interest from 20 June 2012 (app. br. at 2; app. reply br. at 7). Although the government challenges certain profit and Jaynes' failure to credit the government with salvage value of the rejected pipe, it does not dispute the accuracy of the itemized costs that Jaynes presents or the 20 June 2012 date. While the government admits that it "must pay Jaynes reasonable costs

related to what this constructive change caused Jaynes in damages" (gov't br. at 1), it makes several arguments in its defense of quantum that we briefly discuss.

*Jaynes' Quantum Numbers*

Jaynes' 20 June 2012 certified claim is in the amount of $56,305. *Jaynes*, 13 BCA ¶ 35,311 at 173,352. This amount is based on Southland Industries, Inc., Jaynes' pipe subcontractor, calculation of the cost of the replacement Wheatland[1] pipe of $50,579.70 (app. br. at 2, ex. B at 5 of 11). This amount included a 17% mark-up for "Margin" (app. br., ex. B at 5 of 11). Appellant included an affidavit from Mr. Nicolas Sfeir, VP Southland Industries, stating that a "mark-up" of 17% margin was their normal rate for similar government work (*id.* at 2 of 11). We interpret margin to include both overhead and profit.

Appellant takes Southland's $50,579.70 and calculates its claim as follows:

| | |
|---|---|
| Cost for Material (Schedule 40 Pipe) | $50,579 |
| Appellant's Overhead and Profit (10%) | $ 5,058 |
| Appellant's Bond and Insurance | $ 668 |
| Total | $56,305 |

(App. br. at 2, ex. B at 5 of 11)

*Adjustments to Jaynes' Quantum Numbers*

In his affidavit, Mr. Sfeir explains that the cost of materials amount of $28,221.39 used above was an estimate and that the actual cost was $27,434.69. Therefore, the $50,579.70 must be reduced by $786.70 for a value of $49,793.00. The claim value is then changed as follows:

| | |
|---|---|
| Cost for Material (Schedule 40 Pipe) | $49,793.00 |
| Appellant's Overhead and Profit (10%) | $ 4,979.30 |
| Appellant's Bond and Insurance | $ 668.00 |
| Total | $55,440.30 |

(App. br., ex. B at 1 of 11, ex. C at 13-16 of 16)

---

[1] The support for this amount states that it is for the rejected Allied pipe, but the invoices and Mr. Sfeir's affidavit establish that Southland used the Wheatland numbers (app. br., ex. B at 1, 5 of 11).

*Salvage Value of Rejected Allied Pipe*

Appellant states that the salvage value of the rejected Allied pipe is $1,295 (app. br., ex. B at 9 of 11). The government does not contest this amount, but contends that this amount should be credited to the government in the total quantum calculation. Appellant counters that it need not credit the government the salvage value of the pipe because the contract was a fixed-price contract and not a time and materials contract (app. reply br. at 3). Appellant provides no case precedent in support of this position and its cite to a FAR provision is unpersuasive. We agree with the government that it should receive a credit in the amount of $1,295 for the salvage value of the Allied pipe retained by appellant. The value of the claim then becomes $55,440.30 - $1,295.00 = $54,145.30.

*Unreasonable Profit*

The government points out that appellant includes 10% mark-up for its overhead and profit and that its subcontractor included a 17% mark-up in its calculation. We consider Jaynes' 10% for both profit and overhead reasonable. We accept Mr. Sfeir's assertion in his affidavit that 17% "mark-up" for overhead and profit is Southland's usual rate and therefore consider it reasonable.

*Design Costs*

The government objects to Southland including $400 in "Design Impact" costs associated with the replacement Wheatland pipe (app. br., ex. B at 5 of 11). The government contends it should be responsible for this amount because "Jaynes, however, was already obligated under the contract to design the system and has been paid for the design" (gov't br. at 5). The government overlooks Southland's 4 May 2012 letter that explains the design time was spent on material submittals (app. br., ex. B at 4 of 11). We find the $400 spent on submittals for government approval of the replacement pipe reasonable.

*Rejected Allied Pipe*

The government makes several arguments[2] based on the idea that since the government rejected the Allied pipe before Jaynes purchased it, Jaynes caused its own damage. We agree with appellant's characterization of this argument as "absurd" (app. reply br. at 4). The government never had the right to reject the Allied pipe that was fully in conformance with contract requirements. The government, primarily ACO Caskie, was wrong on 2 December 2011, wrong on 2 February 2012, wrong on 10 April 2012, wrong on 3 May 2012, wrong on 4 May 2012 and wrong on 8 May 2012.

---

[2] Arguments D and E at government brief pages 5 to 7.

*Jaynes*, 13 BCA ¶ 35,311 at 173,349-52, findings 4-9, 12. The government was consistently and persistently wrong and we will not shift the fault to appellant.

*The Government's Cost Difference Argument*

The government's final argument is that the proper measure of damages is "the reasonable cost to perform the work as originally required and the reasonable cost to perform the work as changed" (gov't br. at 7). While this premise may be an accurate description of the computation of an equitable adjustment under the Changes clause, the government's argument does not follow this principle in that it suggests that the damage simply be the difference in the cost of the Allied pipe and the Wheatland pipe when appellant, due to the government's change had to buy both pipes. We reject this method of calculating damages because it would result in Jaynes paying for both the Allied pipe and the Wheatland pipe and recovering only the difference in cost which is certainly not an equitable adjustment.

*Quantum Decision*

Jaynes was entitled to use the Allied pipe and since it was required to replace the Allied pipe with Wheatland pipe, Jaynes is entitled to recover its increased costs associated with the constructive change of $54,145.30 plus CDA interest from 20 June 2012.

## CONCLUSION

Jaynes is entitled to $54,145.30 plus CDA interest from 20 June 2012.

Dated: 19 May 2015

CRAIG S. CLARKE
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59234, Appeal of Jaynes Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5